UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
ACME WIDGET, L.P.,

                              Plaintiff,

            — against —

Q INVESTORS GROUP, INC.,

                              Defendant.
-----------------------------------------------------------X

**MEMORANDUM & ORDER**

10-CV-2204 (SLT) (CLP)

**TOWNES, United States District Judge:**

        Plaintiff Acme Widget, L.P., owner of the federally registered mark, "Q INVESTMENTS,"

brings this action against Defendant Q Investors Group, Inc., pursuant to the Lanham Act, 15

U.S.C. § 1501, et seq. Plaintiff seeks monetary damages, an order directing that any infringing

articles be destroyed, injunctive relief, and attorneys' fees. On September 21, 2010, Plaintiff filed

two affidavits, indicating that service had been made on the New York Secretary of State, as well as

by mailing and affixing copies of the complaint to Defendant's office. (Docket Nos. 2, 3).

Defendant failed to respond to the complaint and the Clerk of Court entered default on November

15, 2010. (Docket No. 10). Plaintiff also filed a motion for default judgment, (Docket No. 9),

which this Court referred to Magistrate Judge Cheryl L. Pollak for a Report and Recommendation

("R&R") on the amount of damages and relief to be afforded, (Docket No. 12).

        On March 14, 2011, Judge Pollak issued her R&R, advising this Court (1) to deny Plaintiff's

motion for default judgment without prejudice to renew and (2) to vacate the entry of default

pending proper service and filing of the complete complaint. (Docket No. 19 at 4). Specifically,

Judge Pollak found that two exhibits described in the complaint were not electronically filed and

Plaintiff's counsel "candidly indicated that he did not have copies of the exhibits in his file and

could not . . . verify that" the complaint served on Defendant contained them. (Id. at 2). Moreover,

Judge Pollak found that Defendant may not have been properly served. Indeed, the complaint itself

notes that "Defendant has not recorded a registered agent with the Secretary of State of New York," and Plaintiff never sought permission from the Court for alternate service on a corporation by mail when the process server was unable to find a corporate officer. (Compl. ¶ 2; Docket No. 19 at 3-4). Defendant has failed to file any objections.

A district court is not required to review the factual or legal conclusions of the magistrate judge as to those portions of a report and recommendation to which no objections are addressed. See Thomas v. Arn, 474 U.S. 140, 150 (1985). Nonetheless, when no objections are filed, many courts seek to satisfy themselves "that there is no clear error on the face of the record." Fed. R. Civ. P. 72(b) advisory committee note (1983 Addition); see also Edwards v. Town of Huntington, No. 05 Civ. 339 (NGG) (AKT), 2007 WL 2027913, at *2 (E.D.N.Y. July 11, 2007). Having reviewed the record and finding no clear error, the Court adopts the R&R in its entirety pursuant to 28 U.S.C. § 636(b)(1).

## CONCLUSION

For the reasons stated above, it is hereby ORDERED that:

1. Judge Pollak's Report and Recommendation (Docket No. 19) is ADOPTED in its entirety;

2. Entry of default (Docket No. 10) is VACATED pending filing and proper service of the complete complaint;

3. Plaintiff's motion for default judgment (Docket No. 9) is DENIED without prejudice to renew;

4. Plaintiff shall file the complete complaint and effect proper service on Defendant within 30 days of this order; and

5. The Clerk of Court is directed to mail a copy of this order to Defendant.

SO ORDERED.

Dated: Brooklyn, New York
April 27, 2011

/Signed by Judge Sandra L. Townes/

/SANDRA L. TOWNES
United States District Judge

2